IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| J'Hon Mainor, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | No. _____ |
| Lazer Spot, Inc., a domestic limited liability company, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, J'Hon Mainor ("Plaintiff"), on behalf of himself and others similarly situated, and brings this action against Lazer Spot, Inc. ("Defendant"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. The Plaintiff, J'Hon Mainor ("Plaintiff"), is a resident of Fulton County, Georgia and is a former employee of Defendant, Lazer Spot, Inc.

2. Plaintiff brings this action, on behalf of himself and all others similarly situated, for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

3. Plaintiff worked for Defendant as a yard hostler in, among others, Fulton County in Georgia from on or about July 2008 through January 2010. Plaintiff worked for Defendant as a yard hostler in Port Hudson, Louisiana from January 2010 through July 2010.

4. Defendant, Lazer Spot, Inc. is a Georgia corporation with its principal place of business in Alpharetta, Georgia. Lazer Spot operates and conducts business in, among others, Fulton County in Georgia and is, therefore, within the jurisdiction of this Court.

5. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years.

6. Based upon information and belief, at all material times relevant to this action, Defendant were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendant had an annual business dollar volume of at least $500,000.

7. Defendant is engaged in interstate commerce and was so engaged during Plaintiff's employment with Defendant.

8. At all relevant times, Defendant had two or more employees of its enterprise individually engaged in commerce or whom otherwise individually meet the traditional test of individual coverage.

9. Plaintiff was individually covered by the FLSA as he utilized the instrumentalities of commerce while he performed his duties for Defendant.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

12. Plaintiff was employed by Defendant as a yard hostler from March July 2008 through July 2010.

13. From on or about July 2008 through January 2010, Plaintiff worked for Defendant at Defendant's customer's locations in the Atlanta, Georgia area.

14. From on or about January 2010 through July 2010, Plaintiff worked for Defendant at Defendant's customer's locations in the Port Hudson, Louisiana area.

3

15. As a yard hostler, Plaintiff drove a hostler tractor which he connected to freight trailers in order to move the trailers from a staging area in the Defendant's customers' trailer yards to various loading docks at Defendant's customers' facilities.

16. Plaintiff drove the hostler tractor for Defendant on or about Defendant's customers' premises and did not drive the hostler tractor on the interstate highways.

17. Defendant paid Plaintiff an hourly rate for work performed for Defendant.

18. Plaintiff worked over forty (40) hours during one or more of the workweeks during his employment with Defendants.

19. Defendant paid Plaintiff straight time, rather than time and a half, for all hours worked by Plaintiff over 40 in a workweek.

20. Defendant failed to comply with 29 USC §§ 201-209 because Defendants did not compensate Plaintiffs at time and a half their hourly rate for those hours worked by Plaintiffs in excess of 40 within a workweek.

21. Plaintiff was not exempt from overtime under the Motor Carrier Act exemption, 29 U.S.C. § 213(b), because he was not a "driver," "driver's helper," "loader," or "mechanic" as those terms are defined in the regulations related to 29 U.S.C. § 213(b).  See <u>Billingslea v. Southern Freight, Inc.</u>, 699 F. Supp. 2d 1369.

22. Upon information and belief, the records – to the extent such records exist – concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, or control of Defendant.

### COUNT ONE:
### RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff reasserts and incorporates by reference all allegations contained within paragraphs 12-21 above.

24. Plaintiff worked over forty (40) hours during one or more of the workweeks during his employment with Defendants.

25. Defendant paid Plaintiff straight time, rather than time and a half, for all hours worked by Plaintiff over 40 in a workweek.

26. Plaintiff was entitled to be paid overtime compensation at one and one-half times his regular rate of pay for each hour worked in excess of 40 per workweek.

27. Defendant failed to compensate Plaintiff at one and one-half times his regular rate of pay for overtime hours worked, in violation of the FLSA.

28. Upon information and belief, Defendant's failure to properly compensate Plaintiff for his overtime hours worked was willful and/or reckless, as Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*,

(c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

29. As a result of Defendant's intentional, willful, and reckless failure to lawfully compensate Plaintiff and all others similarly situated at time and one-half for overtime hours that he worked, Plaintiff and all others similarly situated have suffered damages and incurred reasonable attorney's fees and costs.

30. As a result of Defendant's intentional, willful, and reckless violation(s) of the FLSA, Plaintiff and all others similarly situated are entitled to back wages and liquidated damages from Defendant for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

31. Plaintiff respectfully demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207 found to be due and owing, an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), declaratory relief pursuant to the DJA and FLSA finding that Defendant's practice of not paying overtime wages to Plaintiff violates the FLSA, and that all hours worked over forty in a workweek should be paid at time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA, pre-judgment and post-judgment interest where applicable,

6

reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), and such further relief as this Honorable Court may deem to be just and proper.

                Respectfully submitted,

                MORGAN & MORGAN, PA

By:   s/Jennifer M. Bermel
      Jennifer M. Bermel, # 794231
      2600 One Commerce Square
      Memphis, Tennessee 38103
      Tel: (901) 217-7000
      Fax: (901) 333-1871
      Email: jbermel@forthepeople.com

DATED: March 25, 2011