UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J'HON MAINOR, on behalf of
himself and all others
similarly situated,

       Plaintiff,

     v.

LAZER SPOT, INC., a domestic
limited liability company,

       Defendant.

CIVIL ACTION

NO. 1:11-CV-971-CAP

# O R D E R

This matter is currently before the court on the plaintiff's motion for an order permitting supervised notice of this action to potential opt-in plaintiffs and conditional certification of this case as a collective action [Doc. No. 21].

## I. Factual and Procedural Background

The plaintiff was employed by the defendant as an hourly-paid yard hostler. Yard hostlers employed by the defendant move freight trailers from trailer yards to loading docks and from loading docks back to the trailer yards on the premises of the defendant's customers. The plaintiff claims that he and other yard hostlers regularly worked more than 40 hours per week but were not paid overtime. The Fair Labor Standards Act ("FLSA") requires that

employers pay time-and-a-half for hours a non-exempt employee works in excess of forty. 29 U.S.C. § 207(a)(1).

The plaintiff brings this action on behalf of himself and others similarly situated seeking overtime compensation, liquidated damages, reasonable attorney fees, and costs pursuant to the FLSA, 29 U.S.C. § 201, et seq. The class that the plaintiff seeks to represent is composed of all yard hostlers, yard jockeys, yard drivers or yard spotters[1] who meet the following requirements:

(a) were employed by the defendant at any location any time from [three years back from the date notice is sent] to the present; and

(b) worked more than 40 hours during one or more workweeks while employed by the defendant; and

(c) were not paid time and a half compensation for the hours worked over 40 in a workweek.

The plaintiff seeks to have the class conditionally certified and court-supervised notice sent to putative class members.

## II. Analysis

The FLSA authorizes collective actions, stating:

An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly

---

[1] According to the plaintiff, these are all names for jobs with the same duties.

> situated. No employee shall be a party plaintiff to any
> such action unless he gives his consent in writing to
> become such a party and such consent is filed with the
> court in which such action is brought.

29 U.S.C. § 216(b). This court has discretion to authorize the

sending of notice to potential class members in a collective

action. Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-170

(1989); Hipp v. Liberty National Life Insurance Co., 252 F.3d 1208,

1219 (11th Cir. 2001); Haynes v. Singer Co., 696 F.2d 884, 886-87

(11th Cir. 1983).

The Eleventh Circuit suggests a two-tiered approach to class

certification in FLSA cases.

> The first determination is made at the so-called 'notice
> stage.'  At the notice stage, the district court makes a
> decision -- usually based only on the pleadings and any
> affidavits which have been submitted -- whether notice of
> the action should be given to potential class members.

Hipp, 252 F. 3d at 1218.  "The second determination is typically

precipitated by a motion for 'decertification' by the defendant

usually filed after discovery is largely complete and the matter is

ready for trial."  Id.  This case is before the court for the

"first determination" of class certification.  At this stage, the

"determination is made using a fairly lenient standard, and

typically results in 'conditional certification' of a

representative class."  Id.  "[P]laintiffs need show only that

their positions are similar, not identical, to the positions held

by the putative class members." <u>Id.</u> (quoting <u>Grayson v. K Mart Corp.</u>, 79 F.3d 1086, 1096 (11th Cir. 1996)).   Before granting conditional certification, the court should determine: (1) whether employees sought to be included in the putative class are similarly situated with respect to their job requirements and pay provisions; and (2) whether there are other employees who wish to opt-in to the action.  <u>Dybach v. State of Florida Department of Corrections</u>, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

**A.   Similarity of employment positions of putative class members.**

The plaintiff bears the burden of establishing that he is similarly situated with the group of employees he wishes to represent.  <u>Grayson</u>, 79 F. 3d at 1096.   The burden on the plaintiff, however, is a light one.  As noted above, the standard is fairly lenient, and the plaintiff is not required to prove that he and the putative class members held identical positions, only similar positions.  <u>See</u> <u>Hipp</u>, 252 F.3d at 1217; <u>Grayson</u>, 79 F.3d at 1095-96 ("the 'similarly situated' requirement of § 216(b) is more elastic and less stringent than the requirements" for joinder and severance).

The plaintiff asserts that putative class members are similarly situated in regards to their primary job responsibilities and were subject to the common practice of not receiving overtime

4

pay for hours worked over 40 in a week in violation of the FLSA. The plaintiff supports this assertion through the declarations of himself and nine other opt-in plaintiffs.

In response to the motion for conditional certification, the defendant devotes little attention to whether the plaintiff and the putative class members are similarly situated. Rather, the defendant argues that the plaintiff is an exempt employee pursuant to the Motor Carrier Act. See 29 C.F.R. § 782.1 (An employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service is excluded automatically from the benefits of Section 7 of the FLSA). The applicability of this exemption will turn on factual issues including whether the yard hostlers drove on public highways. These factual issues are in dispute, and the conditional certification stage is not the appropriate time for resolution of these factual questions. Pendlebury v. Starbucks Coffee Co., Case No. 04-80521, 2005 WL 84500, at *3 (S.D. Fla. Jan. 3, 2005) (factual matters regarding the applicability of exemptions to employees are not appropriately considered at the notice stage). Furthermore, there is authority that stands for the proposition that yard hostlers are non-exempt employees. Billingslea v. Southern Freight, Inc., 699 F.Supp.2d 1369, 1380 (N.D. Ga. 2010). Accordingly, the defendant's opposition to the conditional

5

certification on the grounds that the plaintiff is an exempt employee is meritless.

Moreover, in the reply brief, the plaintiff points the court to his supplemental declaration in which he states that he and some of the other yard hostlers did not drive on public highways and at all times stayed on the premises of the defendant's customers. Likewise, the plaintiff states in his supplemental declaration that he and other yard hostlers employed by the defendant could and did refuse to drive on public highways.  Therefore, the applicability of the MCA exemption is not as simple as the defendant asserts and will not prevent a finding that the plaintiff and other yard hostlers were "similarly situated" for purposes of conditional certification.

The defendant next argues a collective action will be inherently unmanageable due to highly individualized inquiries associated with the circumstances of each putative plaintiff and each worksite.  In Hipp, the defendant argued that each plaintiff's case was unique and would require an individual analysis of his or her specific working conditions, yet the court conditionally certified a class because "[p]laintiffs in [that] case all held the same job title, and they all alleged similar . . . treatment." 252 F.3d at 1219.  At the notice stage, "variations in specific duties, job locations, working hours, or the availability of various

defenses are examples of factual issues that are not considered." Scott v. Heartland Home Finance, Inc., No. 1:05-CV-2812-TWT, 2006 WL 1209813, at *3 (N.D. Ga. May 3, 2006).

The appropriate time to address issues of individual differences between putative class members and whether any particular individual is exempt is after the completion of discovery and during the second stage of the certification determination. Scott, 2006 WL 1209813, at *3 (citing Kreher v. City of Atlanta, No. 1:04-CV-2651-WSD, 2006 WL 739572, at *4 n.8 & 9 (N.D. Ga. Mar. 20, 2006) (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during second stage of analysis).

Under the lenient standard appropriate at the notice stage, the court finds that the plaintiff is similarly situated to other yard hostlers employed by the defendant.

**B.  Sufficiency of interest by other employees in the lawsuit**

Next, the plaintiff must demonstrate that other employees wish to opt in to the action before this court may grant conditional certification. Dybach, 942 F.2d at 1567-68.  So far, twelve opt-in plaintiffs have joined the plaintiff in this suit.  The defendant raises no opposition to the plaintiff's assertion that putative class members are interested in joining the lawsuit.  Even though actual notice has not been sent to putative class members who may

be spread over a wide geographic area, the fact that twelve opt-in plaintiffs have joined is sufficient to demonstrate an interest by other employees to opt in to the suit.

The plaintiff has demonstrated, for purposes of conditional certification, that he is similarly situated to other yard hostlers employed by the defendant and that other yard hostlers wish to opt in to the case. See Dybach, 942 F.2d at 1567-68. The certification of collective actions in an FLSA case is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity." Barten v. KTK & Associates, Inc., No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203, at *1 (M.D. Fla. July 26, 2007) (quoting Hoffmann-La Roche, Inc., 493 U.S. at 170). In this case, these efficiencies can be realized through a collective action even if a final resolution on the merits requires some factual determinations individual to each opt-in plaintiff. Should the defendant move for decertification following discovery, the court will revisit the certification issue and make a final determination as to whether the similarly situated requirement has been met. At this stage, however, the court will permit the plaintiff to send notice of opt-in rights to potential members of the class.

### III. Conclusion

The plaintiff's motion for conditional certification [Doc. No. 21] is hereby GRANTED.  The class shall be defined as follows: All current and former yard hostlers, yard jockeys, yard drivers or yard spotters who were employed by the defendant at any location any time from [three years back from the date notice is sent] to the present; and worked more than 40 hours during one or more workweeks while employed by the defendant; and were not paid time and a half compensation for the hours worked over 40 in a workweek.

The plaintiff submitted a Notice of Lawsuit [Doc. No. 21-12] to be sent to potential members of the class, and the defendant filed no objection to the content of the proposed notice.  The court finds that the plaintiff's proposed Notice of Lawsuit should be sent to prospective class members and posted at all the defendant's locations.  The defendant is ORDERED to provide the plaintiff within 21 days a list of all putative class members that contains the last known contact information including name, address, telephone number, dates of employment, location of employment, employee number, and the last four digits of each social security number.

SO ORDERED, this 9th day of August, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

9